DOROTHY BOND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bond v. Commissioner
Docket No. 17640-82
United States Tax Court
T.C. Memo 1983-546; 1983 Tax Ct. Memo LEXIS 238; 46 T.C.M. (CCH) 1309; T.C.M. (RIA) 83546; September 7, 1983. Dorothy Bond, pro se. Elizabeth Sullivan, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Peter J. Panuthos pursuant to section 7456(c) of the Code [1] for consideration and ruling on respondent's Motion for Summary Judgment filed April 26, 1983. The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: Respondent issued a joint notice of deficiency to Ernest Bond and Dorothy Bond on April 14, 1982. Said *239 notice determined a deficiency of $94,568.70 and an addition to tax under section 6653(b) in the amount of $47,284.35 for the taxable year 1975. Petitioner Dorothy Bond filed her petition herein on July 13, 1982. She was a resident of Inglewood, California, at that time. This case is before the Court on respondent's Motion for Summary Judgment, filed on April 26, 1983, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
The primary adjustment made by respondent in the statutory notice was an increase to adjusted gross income by $236,249.68 by use of the net worth and personal expenditure method of proof. Respondent filed his Answer on September 13, 1982, and his Amendment to Answer on October 4, 1982. In the amendment to Answer, respondent affirmatively pleaded with respect to the deficiency and addition to tax under section 6653(b). No reply was filed and on November 29, 1982, respondent moved for entry of an order that the undenied allegations in the amendment to answer be deemed admitted pursuant to Rule 37(c). Respondent served a copy of *240 his motion on petitioner on November 24, 1982. On November 30, 1982, we served petitioner with a notice of hearing on respondent's motion. By orders dated December 1, 1982 and January 4, 1983, the Court extended the hearing date on respondent's motion to January 26, 1983. Petitioner was also given a further opportunity to file a reply in said orders. Since petitioner did not appear nor file a reply on January 26, 1983, we entered an order deeming admitted the undenied affirmative allegations contained in paragraphs 7(a) through (ao) of respondent's Amendment to Answer. Said order was served on the petitioner on January 31, 1983. On April 26, 1983, respondent filed his Motion for Summary Judgment. A copy of of said motion together with a notice of hearing was served on petitioner on April 27, 1983. No objection was filed by petitioner nor was an appearance made by or on behalf of petitioner with respect to respondent's Motion for Summary Judgment. Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there is no genuine issue of material fact. Rule 121(b) provides that * * * A decision shall * * * *241 be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * With respect to the deficiency we need only look to the affirmative allegations in the Amendment to Answer (which have been deemed admitted) to make a finding that petitioner omitted from her tax return for the taxable year 1975 taxable income of $236,249.68. [3] Accordingly, there is an understatement of petitioner's tax liability in the amount of $94,568.70. [4] Even had these conclusory paragraphs not been deemed admitted it is clear that the factual allegations set forth in the Amendment to Answer would lead us to the same conclusion. Said allegations which are deemed admitted are sufficient to support the use of the reconstruction of income by the net worth method. Furthermore, since all of the underlying schedules supporting the net worth method are deemed admitted, there can be no other finding.There is certainly ample support for use of such a reconstruction of income. Holland v. United States,348 U.S. 121 (1954). *242 Bedeian v. Commissioner,54 T.C. 295 (1970). With respect to the addition to tax for fraud, the burden of proof is on the respondent under section 7454(a) and Rule 142(b). This burden must be satisfied by clear and convincing evidence. Grosshandler v. Commissioner,75 T.C. 1 (1980). Respondent's burden can be satisfied through the undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981). [5] In this case the material factual allegations in the amendment to answer *243 with respect to fraud with intent to evade tax have been deemed admitted by our order dated January 26, 1983. These facts establish clearly and convincingly that the understatement was due to fraud with intent to evade tax. [6]
*244 Accordingly, since there is no genuine issue as to any material fact present in the record, respondent is entitled to a decision as a matter of law. Respondent's Motion for Summary Judgment will be granted with respect to the deficiency and additions to tax under section 6653(b).
An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. Paragraph 7(al) of respondent's Amendment to Answer (which has been deemed admitted) states "Petitioner fraudulently, and with intent to evade tax, omitted from her income tax return for the taxable year 1975, taxable income in the amount of $236,249.68." ↩
4. Paragraph 7(am) of respondent's Amendment to Answer (which has been deemed admitted) states "The petitioner's correct income tax liability for 1975 is $98,734.72, the tax liability reported on the petitioner's 1975 income tax return was (with adjustments for mathematical error by respondent) $4,166.02, and thus the understatement of tax liability for 1975 was $94,568.70."↩
5. See Wadsworth v. Commissioner,T.C. Memo. 1983-438; Hahn v. Commissioner,T.C. Memo. 1982-717; Van Lancker v. Commissioner,T.C. Memo. 1982-446; Imes v. Commissioner,T.C. Memo. 1982-95; Stouffer v. Commissioner,T.C. Memo. 1982-29; Coastal Shipping Co., Inc. v. Commissioner,T.C. Memo. 1981-382; Burnette v. Commissioner,T.C. Memo. 1981-381↩. 6. Paragraphs (al) through (ao) of respondent's Amendment to Answer (which have been deemed admitted) state: (al) Petitioner fraudulently, and with intent to evade tax, omitted from her income tax return for the taxable year 1975, taxable income in the amount of $236,249.68. (am) The petitioner's correct income tax liability for 1975 is $98,734.72, the tax liability reported on the petitioner's 1975 income tax return was (with adjustments for mathematical error by respondent) $4,166.02, and thus the understatement of tax liability for 1975 was $94,568.70. (an) Petitioner's extensive use of cash and her use of cashier's checks purchased for cash during the 1975 taxable year was fraudulent, with the intent to evade tax on her true taxable income. (ao) All or part of the underpayment of tax which petitioner was required to show on her 1975 income tax return for the taxable year 1975 is due to fraud.↩